IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON CODY WAINWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-CV-42-RAH-CSC |
| | ) | |
| ANDRE BRONSON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.    **INTRODUCTION**

Pro se Plaintiff Brandon Wainwright, an inmate incarcerated at the Autauga Metro Jail in Prattville, Alabama, filed this 42 U.S.C. § 1983 action on January 18, 2023.  This matter is before the Court on Wainwright's Amended Complaint.[1]  Doc. 5.  Wainwright files suit against Macon County Sheriff Andre Brunson[2] alleging he was subject to sexual harassment and abuse during his detention at the Macon County Detention Center. *Id.* at 3, 5. For relief, Wainwright requests financial help for mental distress, health insurance, and social security benefits. *Id.* at 4, 5. After review, the undersigned RECOMMENDS this case be DISMISSED, as set forth below.

---

[1] After reviewing the Complaint and finding deficiencies with this pleading, the undersigned determined that Plaintiff should be provided an opportunity to file an amended complaint. On January 19, 2023, the Court entered an Order explaining the deficiencies in the Complaint and providing Plaintiff with instructions regarding filing of an amended complaint. Doc. 4. That Order specifically informed Plaintiff, *inter alia,* that he must set forth the facts that support his claims against the individuals he named as defendants, and state clearly how each named defendant violated his constitutional rights. *Id.* at 1–2.

[2] Wainwright incorrectly identified Sheriff Andre Brunson as Andre "Bronson." *Available at* www.alabamasheriffs.com.

## II.      STANDARD OF REVIEW

Because the Court granted Wainwright leave to proceed in forma pauperis (*see* Doc. 3), his Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. State of Ga. Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B), or any portion of the Complaint (*see* 28 U.S.C. § 1915A(b)), for failure to state a claim upon which relief may be granted. To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the

absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## III.    DISCUSSION

When booked into the Macon County Detention Center Wainwright was placed in a holding cell with a female. Doc. 5 at 3. Wainwright states "we was told 'we can make this all disappear if y'all have sex on that camera.' Guard points at camera." *Id.* Wainwright further complains that from November 22, 2022, to November 28, 2022, he did not see medical personnel despite informing them he was on psyche meds. *Id.*

Wainwright's suit against Defendant Brunson reflects it is based on his position as the Sheriff of Macon County who by statute is responsible for overall supervision and operation of the Macon County Jail. *See* Ala. Code § 14–6–1 (1975). The allegations in the Amended Complaint do not otherwise specifically identify or indicate how any of the matters about which Wainwright complains may be attributed to Defendant Brunson or reflect that Defendant Brunson was personally involved in the challenged conduct or that a custom or policy of Defendant Brunson's was involved.

A § 1983 action will not support a claim under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation."). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id*. at 677.

In *Iqbal* the Court clarified that a government official sued in his or her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Ashcroft*, 556 U.S. at 676-77. Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala*., 51 F.3d 988, 999 (11th Cir. 1995); *see also Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted).

4

Depending on the type of case, the causal connection may be established through the supervisor's custom or policy, notice, order, or knowledge that the subordinate would act unlawfully, but he failed to stop the subordinate. *Cottone*, 326 F.3d at 1360; *see Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.1986)

Here, Wainwright has not alleged or identified any specific facts which show purposeful personal involvement by any means by Defendant Brunson. Wainwright has not alleged this defendant participated in or directed any of the misconduct about which he complains nor has Wainwright alleged any causal connection between any of his allegations and any policies, customs, or conduct of Defendant Brunson. Without any allegation of such personal involvement, Defendant Brunson may not be held liable. *See Ashcroft*, 556 U.S. at 676. Accordingly, Wainwright's Amended Complaint against Defendant Brunson is due to be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's 42 U.S.C. § 1983 Amended Complaint be DISMISSED without prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is ORDERED that **by February 27, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of February 2023.

  /s/    Charles S. Coody                  
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE